UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CAISY FRANK,

         Plaintiff,

  v.                   9:18-CV-1047
                          (GTS/DJS)

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION,

         Defendant.

---

APPEARANCES:

CAISY FRANK
14-A-4584
Plaintiff, pro se
Cape Vincent Correctional Facility
Rte. 12E
PO Box 739
Cape Vincent, NY 13618


GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff Caisy Frank commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with a motion for appointment of counsel and an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 4 ("Motion for Counsel"); Dkt. No. 6 ("IFP Application"). By Decision and Order of this Court filed October 18, 2018, plaintiff's IFP Application was granted, but following review

of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 10 (the "October 2018 Order").[1] In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id.* Presently before this Court is plaintiff's amended complaint. Dkt. No. 18 ("Am. Compl.").

## II. DISCUSSION

### A. The Complaint and October 2018 Order

In his original complaint, plaintiff asserted claims based on events that allegedly occurred in August 2016, while he was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Franklin Correctional Facility ("Franklin C.F."). *See generally* Compl. Plaintiff alleged that various corrections officials failed to properly address and treat his hand injury, causing him unnecessary pain and suffering. *Id.* at 5, 13-14. Plaintiff named only DOCCS as a defendant. *Id.* at 1-3.

The complaint was construed to assert a violation of plaintiff's rights under the Eighth Amendment to the United States Constitution. *See* October 2018 Order at 5.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's claims against DOCCS were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment. *See* October 2018 Order at 7, 9-10.

---

[1] Based on the Court's decision preliminarily dismissing the complaint, plaintiff's Motion for Counsel was denied as moot. *See* October 2018 Order at 9-10.

**B.     Summary of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October 2018 Order and it will not be restated in this Decision and Order. *See* October 2018 Order at 2-4.

Plaintiff's amended complaint contains additional allegations regarding alleged medical indifference associated with his hand injury, and names the following five individuals as defendants: (1) Corrections Sergeant John Doe #1; (2) Corrections Officer John Doe #2; (3) Corrections Officer John Doe #3; (4) Nurse Jane Doe #1; and (5) Medical Provider Jane Doe #2. *See generally*, Am. Compl. The following facts are set forth as alleged by plaintiff in his amended complaint.

On August 16, 2016, at approximately 7:30 a.m., plaintiff was involved in an altercation with another inmate. Am. Compl. at 4. Following the incident, at approximately 8:00 a.m., plaintiff was escorted to the facility hospital for "medical evaluation and treatment." *Id.* Upon arriving at the hospital, plaintiff was examined by defendant Nurse Jane Doe #1 in the presence of defendants Corrections Sergeant John Doe #1 and Corrections Officer John Doe #2. *Id.* "Photos were . . . taken of various areas of [plaintiff's] entire body[.]" *Id.* Plaintiff "complained of pain and swelling in [his] left hand, [but] no photos were taken of [it]." *Id.* Nurse Jane Doe #1 told plaintiff that the pain and swelling in his left hand was "due to the incident" and it was "more than likely" that his hand was "just bruised." *Id.*

Following Nurse Jane Doe #1's examination, plaintiff was returned to his dorm area. Am. Compl. at 4. Upon returning to his dorm area, plaintiff was directed to pack his personal property and then moved to a new dorm area. *Id.*

Upon arriving at the new dorm area, plaintiff was told by defendant John Doe #3 that he was "assigned to a top bunk bed cube location." Am. Compl. at 4. Plaintiff notified defendant John Doe #3 that his left hand was swollen to "approximately twice the normal size" and, as a result, "moving into a top bunk bed location would be difficult and dangerous." *Id.* Plaintiff also informed defendant John Doe #3 that his hand had been swollen to the same approximate size since he was examined in the facility hospital and, as a result, he requested further medical attention. *Id.* Defendant John Doe #3 denied plaintiff's request to be returned to the facility hospital because plaintiff's request was "not of an 'emergency situation,'" and therefore did not warrant emergency sick call. *Id.* at 5.

Once defendant John Doe #3's shift ended, plaintiff requested emergency sick call from the newly assigned dorm area corrections officer. Am. Compl. at 5. Shortly thereafter, plaintiff was taken back to the facility hospital where he was "examined and treated" by a nurse at approximately 4:00 p.m. *Id.* Plaintiff received Ibuprofen, a bag of ice, and an ACE bandage, and was told that his name was placed on a list for an X-ray. *Id.* The treating nurse also advised plaintiff that "only a doctor" could issue him a bottom bunk pass, and no doctor was on duty at that time. *Id.*

On August 18, 2016, plaintiff was "seen by an X-ray technician," who expressed her opinion that plaintiff's hand was broken before taking the X-ray. Am. Compl. at 5. Plaintiff then received an X-ray, which "confirmed what the technician had stated[.]" *Id.* That same day, plaintiff's left hand was photographed, "screened and treated" by a doctor, and placed in a soft cast. *Id.* The next day, plaintiff was "taken to be seen by an orthopedic specialist." *Id.*

4

On September 8, 2016, plaintiff was taken to an outside facility for another X-ray of his left hand. Am. Compl. at 5. On an unidentified date prior to plaintiff receiving this X-ray, plaintiff contacted defendant Jane Doe #2, a "medical provider" at the facility hospital, to advise that he had "a Court trip to the State of New Jersey coming up" and that he was concerned with traveling in handcuffs and shackles because his left hand was not healed. *Id.* at 5-6.

The X-ray taken on September 8, 2016, showed that plaintiff's left hand remained broken. Am. Compl. at 6. Nonetheless, defendant Jane Doe #2 medically cleared plaintiff for his court trip in full metal restraints and shackling. *Id.*

"Due to the lack of immediate attention and treatment to the injury to [plaintiff's] left hand on . . . August 16, 2016, [plaintiff's] injury became worse and the treatment eventually received following the injury date did not alleviate and/or lessen the condition of [his] left hand." Am. Compl. at 6. "Plaintiff still experiences pain [in his left hand, and his] left hand knuckle is pushed backwards on the hand and rubs up against the knuckle of the pinky finger." *Id.* at 8.

Liberally construed, the amended complaint asserts Eighth Amendment medical indifference claims against the named defendants.[2]

---

[2] Plaintiff also asserts a Fourteenth Amendment due process claim. *See* Am. Compl. at 7. Plaintiff does not specify whether he is claiming a procedural due process violation or a substantive due process violation. However, he does not allege that he was deprived of any specific procedural protections and, therefore, the court presumes he is claiming a violation of substantive due process based on access to medical care. "Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [the] claim[ ].'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Eighth Amendment protects against cruel and unusual punishment, which includes deliberate indifference to a prisoner's medical needs. *See Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Because plaintiff's Fourteenth Amendment claim is based on the same facts as his Eighth Amendment claim, it is dismissed without further analysis from the Court.

For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C. Analysis**

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id.*; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) (citing, inter alia, *Estelle*). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer*, 511 U.S. at 832 (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*,

511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.'").

Where the basis for a prisoner's Eighth Amendment claim is a delay in the provision of medical treatment, "it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation" is sufficiently serious. *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis in original); *see also Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). "The [presence] of adverse medical effects or demonstrable physical injury is one . . . factor that may be used to gauge the severity of the medical need at issue." *Smith*, 316 F.3d at 187. With respect to the subjective element, a delay in providing necessary medical care may constitute deliberate indifference when the delay occurred "as a form of punishment[,] ignored a life-threatening and fast degenerating condition . . . or delayed major surgery[.]" *Freeman v. Strack*, No. 99-CV-9878, 2000 WL 1459782, at *6 (S.D.N.Y. Sep. 29, 2000) (quoting *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999).

### 1. John Doe #1 and John Doe #2

Plaintiff's claims against John Doe #1 and John Doe #2 appear to be based on their presence in the facility hospital during Nurse Jane Doe #1's examination of plaintiff immediately following his altercation with another inmate, which examination plaintiff claims was inadequate. There are no allegations in the amended complaint that would support the requisite scienter element necessary to establish a deliberate indifference claim against defendants John Doe #1 or John Doe #2. Plaintiff does not allege that either of these defendants had any medical training, or reason to question the medical judgment of

7

defendant Jane Doe #1 and her treatment of plaintiff. Plaintiff also does not allege that either of these defendants were otherwise personally involved in rendering medical treatment to plaintiff. Under these circumstances, plaintiff's medical indifference claims against defendants John Doe #1 and John Doe #2 are facially deficient. *See Nix v. Lester*, No. 9:16-CV-0828 (FJS/TWD), 2017 WL 3610576, at *8 (N.D.N.Y. Aug. 4, 2017) (recommending dismissal of medical indifference claim against two corrections officers who were present during allegedly inadequate medical evaluation, noting that these officers, as "non-medical professionals, were entitled to rely on the opinion of medical staff"), *report and recommendation adopted sub nom. Nix v. Doe*, 2017 WL 3601239 (N.D.N.Y. Aug. 21, 2017); *Butler v. Smith*, No. 9:07-CV-0431 (FJS/DEP), 2008 WL 4186338, at *1, *6 (N.D.N.Y. Sept. 10, 2008) (dismissing medical indifference claim against corrections sergeant who was present during allegedly inadequate evaluation of plaintiff by medical staff where there were no allegations that corrections sergeant "had any medical training, . . . [or] had any other reason to question the judgment of those medical staff members and their treatment of plaintiff"); *Blaylock v. Borden*, 547 F. Supp. 2d 305, 314 (S.D.N.Y. 2008) (dismissing medical indifference claims against corrections officers who escorted plaintiff to infirmary for treatment since they were not medical personnel or in charge of deciding plaintiff's treatment); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) ("[A] prison administrator is permitted to rely upon and be guided by the opinions of medical personnel concerning the proper course of treatment administered to prisoners, and cannot be held to have been 'personally involved' if he does so.").

Accordingly, plaintiff's Eighth Amendment claims against defendants John Doe #1 and John Doe #2 are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

8

### 2. Jane Doe #1

Plaintiff alleges that within one half hour of his involvement in an altercation, he was examined by defendant Jane Doe #1. Am. Compl. at 4. Plaintiff further alleges that during the examination he complained to her about "pain and swelling" in his left hand, and in response, she looked at his hand and stated that it was "more than likely . . . just bruised." *Id.* Plaintiff was thereafter returned to his cell. *Id.*

As an initial matter, several courts have found that a fractured metacarpal, by itself, is not sufficiently serious to constitute a serious medical condition for purposes of an Eighth Amendment claim. *See, e.g., Ocasio v. Deluke*, No. 08-CV-0051 (DRH/GLS), 2010 WL 6001595, at *13 (N.D.N.Y. Sept. 3, 2010) (finding that plaintiff's allegations of "a fractured metacarpal" were "insufficient to establish the objective prong of the Eighth Amendment analysis"), *report and recommendation adopted by* 2011 WL 864898 (N.D.N.Y. Mar. 8, 2011); *Osacio v. Greene*, No. 08-CV-0018, 2009 WL 3698382, at *4 (N.D.N.Y. Nov. 2, 2009) (McAvoy, J.) ("Plaintiff's deliberate indifference claim fails because a fractured metacarpal does not rise to the level of a serious medical condition."); *Ruiz v. Homerighouse*, No. 01-CV-266, 2003 WL 21382896, at *3 (W.D.N.Y. Feb. 13, 2003) (same); *Bonner v. New York City Police Dep't*, No. 99-CV-3207, 2000 WL 1171150, at *4 (S.D.N.Y. Aug.17, 2000) (claim that plaintiff suffered from swollen hand and finger that would not bend properly did not constitute serious medical condition).

In addition, the amended complaint is devoid of any non-conclusory allegations which plausibly suggest that, at the time plaintiff was examined by defendant Jane Doe #1, he was in extreme pain. Rather, plaintiff's allegations of "pain and swelling" in his hand are entirely generic. Thus, the amended complaint fails to plausibly suggest that plaintiff was suffering from a sufficiently serious condition when defendant Jane Doe #1 examined him.

9

Furthermore, even construing the amended complaint with the utmost liberality, plaintiff waited no more than eight hours from when he was examined by defendant Jane Doe #1 to receive further treatment. The amended complaint lacks any allegations which plausibly suggest that plaintiff's condition, which was not life threatening or fast degenerating, worsened during this time. Thus, the allegations in the amended complaint also fail to plausibly suggest that any delay in treatment caused by defendant Jane Doe #1's determination that plaintiff's hand was "more than likely . . . just bruised" resulted in plaintiff suffering "sufficiently serious" harm. *Compare Hill v. Curcione*, 657 F3d. 116, 122 (2d Cir. 2011) (delay "sufficiently serious" if it could have resulted in "death, degeneration or extreme pain"), *with Chatin v. Artuz*, 28 Fed. App'x 9, 10-11 (2d Cir. 2001) (summary order) (two day delay in X-raying injured ankle failed to satisfy objective element); *Poindexter v. Davis*, No. 11-CV-2928, 2012 WL 5465465 at *5 (S.D.N.Y. Nov. 9, 2012) (six-hour delay in treating hand fracture did not satisfy objective element); *Johnson v. City of New York*, No. 12-CV-8265, 2014 WL 5393181, at *6 (S.D.N.Y. Oct. 21, 2014) (finding that the risk of harm was not sufficiently serious because plaintiff could not show that a four and one-half hour delay in examining his broken ankle exacerbated the condition).

Even assuming plaintiff's condition at the time he was examined by defendant Jane Doe #1 could be considered sufficiently serious, the amended complaint lacks any allegations which plausibly suggest that defendant Jane Doe #1 knew that plaintiff was suffering from a serious injury (as opposed to a bruised hand), and nonetheless refused him medical treatment. Indeed, as noted, plaintiff alleges only generically that he complained of "pain and swelling" during his examination (which occurred within half an hour of the injury). He does not allege that he requested and was denied any treatment by defendant Jane Doe #1. Nor

10

does plaintiff allege that defendant Jane Doe #1, in opining that his hand was likely bruised, restricted him in any way from returning to the infirmary in the event his pain intensified or his condition worsened.

In other words, the amended complaint lacks any allegations which plausibly suggest that defendant Jane Doe #1 acted with deliberate indifference to plaintiff's serious medical needs. Moreover, defendant Jane Doe #1's misdiagnosis of plaintiff's injury as a bruise cannot form the basis of an Eighth Amendment claim. *See Beaman v. Unger*, 838 F. Supp. 2d 108, 110 (W.D.N.Y. 2011) (holding that delay in treatment of wrist and finger fractures due to "the two nurses and [the doctor] misdiagnos[ing] [the plaintiff's] injuries, and fail[ing] to recognize the severity of those injuries . . . might conceivably show malpractice, but they do not state an Eighth Amendment claim."); *Harris v. Westchester Cnty. Med. Ctr.*, No. 08-CV-1128, 2011 WL 2637429, at *3 (S.D.N.Y. July 6, 2011) ("Allegations of ... misdiagnosis do not state a cause of action under the Eighth Amendment.") (quotation marks and citation omitted); *Williams v. Williams*, No. 13-CV-3154, 2015 WL 568842, at *7 (S.D.N.Y. Feb. 11, 2015) ("The law is clear, however, that misdiagnosis and 'the decision not to treat based on an erroneous view that the condition is benign or trivial' do not constitute deliberate indifference to Plaintiff's serious medical needs." (quoting *Harrison v. Barkley*, 219 F.3d 132, 139 (2d Cir. 2000)).

Accordingly, plaintiff's Eighth Amendment claim against defendant Jane Doe #1 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. John Doe #3

Plaintiff alleges that, after he was evaluated by defendant Jane Doe #1, he requested assistance from defendant John Doe #3 with obtaining further medical treatment, which defendant John Doe #3 denied because plaintiff's condition was not an "emergency situation." Am. Compl. at 4-5. Plaintiff further alleges that he notified defendant John Doe #3 that his hand was swollen to "approximately twice the normal size" and had been this way since before plaintiff left the facility hospital. *Id*. at 4.[3]

As noted, several courts have found that a fractured metacarpal, by itself, is not sufficiently serious to constitute a serious medical condition for purposes of an Eighth Amendment claim. *See, e.g., Ocasio*, 2010 WL 6001595, at *13; *Osacio*, 2009 WL 3698382, at *4; *Ruiz*, 2003 WL 21382896, at *3. In addition, the amended complaint is devoid of any non-conclusory allegations which plausibly suggest that, at the time plaintiff requested medical treatment from defendant John Doe #3, he was in extreme pain. Indeed, plaintiff does not allege that he complained to defendant John Doe #3 about experiencing any pain in his hand. Thus, the amended complaint fails to plausibly suggest that, at the time defendant John Doe #3 denied him access to further medical treatment, he was suffering from a sufficiently serious condition.

Furthermore, plaintiff was denied treatment for less than eight hours as a result of defendant John Doe #3's determination that he was not entitled to emergency sick call. The

---

[3] The amended complaint does not allege that defendant John Doe #3 was responsible for plaintiff's top bunk assignment, let alone that defendant John Doe #3 assigned plaintiff to a top bunk despite knowing of his hand injury. Furthermore, the allegations in the amended complaint plausibly suggest that only a doctor had the authority to re-assign plaintiff to a bottom bunk based on his hand injury. *See* Am. Compl. at 5. Thus, to the extent plaintiff has based his Eighth Amendment claim against defendant John Doe #3 on him assigning plaintiff to a top bunk or refusing to re-assign plaintiff to a bottom bunk after learning of plaintiff's condition, the claim is dismissed for lack of personal involvement.

12

amended complaint lacks any allegations which plausibly suggest that plaintiff's condition, which was not life threatening or fast degenerating, worsened between the time defendant John Doe #3 denied plaintiff's request and the time plaintiff received further treatment. Thus, the allegations in the amended complaint also fail to plausibly suggest that any delay in treatment caused "sufficiently serious" harm. *See Chatin*, 28 Fed. App'x at 10-11; *Poindexter*, 2012 WL 5465465 at *5; *Johnson*, 2014 WL 5393181, at *6.

Moreover, even assuming plaintiff's condition could be considered sufficiently serious, the amended complaint is devoid of any allegations which plausibly suggest that defendant John Doe #3's refusal to make arrangements for plaintiff to return to the facility hospital shortly after he left the hospital was made as a form of punishment, or despite knowing that the refusal was likely to present an excessive risk to plaintiff's health or safety. To the contrary, the allegations in the amended complaint plausibly suggest that the decision was made because defendant John Doe #3, who was aware that plaintiff had recently been evaluated at the facility hospital, believed that plaintiff's condition was not an "emergency." *See, e.g., Herbert v. N.Y. City Dep't of Corr.*, No. 10-CV-8799, 2012 WL 3834660, at *4 (S.D.N.Y. Aug. 20, 2012) (dismissing medical indifference claim against corrections officers even though these defendants delayed plaintiff's access to medical treatment by eight hours because plaintiff received medical treatment on the same day and the pleading failed to "allege facts to support an inference that either officer acted with a conscious disregard of substantial harm to [plaintiff]").[4]

---

[4] To the extent plaintiff has based his Eighth Amendment claim against defendant John Doe #3 on his refusal to assist plaintiff with obtaining a single cell or bottom bunk assignment, the amended complaint does not allege that plaintiff suffered any harm as a result of his top bunk assignment. Furthermore, as with plaintiff's claim based on defendant John Doe #3's alleged refusal to help plaintiff obtain medical assistance, the amended complaint is devoid of any non-conclusory allegations which plausibly suggest that defendant John Doe #3 refused to help plaintiff obtain a bottom bunk as a form of punishment, or despite knowing that the refusal was likely to present an excessive risk to plaintiff's health or safety.

13

Accordingly, plaintiff's Eighth Amendment claim against defendant John Doe #3 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. Jane Doe #2

Plaintiff's claim against defendant Jane Doe #2 appears to be based on her decision to medically clear plaintiff for transport to a court proceeding in New Jersey in restraints and shackles even though his left hand remained broken. As an initial matter, plaintiff fails to explain how placing handcuffs around his wrists and shackles around his ankles created a sufficiently serious condition with respect to his hand, *i.e.*, "a condition of urgency, one that may produce death, degeneration, or extreme pain[.]" *Hathaway*, 99 F.3d at 553. Indeed, there are no allegations in the amended complaint which plausibly suggest that plaintiff's condition (or pain) worsened in any respect as a result of the transport.

Moreover, the amended complaint is devoid of any non-conclusory allegations which plausibly suggest that defendant Jane Doe #2's decision to medically clear plaintiff for transport in handcuffs and shackles was made despite knowing that transporting plaintiff in this manner was likely to present an excessive risk to his health or safety.

Thus, as alleged, plaintiff's claim against defendant Jane Doe #2 is based solely on his disagreement with her medical judgment, which is not a basis for an Eighth Amendment claim. *See Chance*, 143 F.3d at 703 ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."); *Nelson v. Deming*, 140 F. Supp. 3d 248, 262 (W.D.N.Y. 2015) (dismissing deliberate indifference claim because the "[p]laintiff's disagreement with th[e] course of treatment does not amount to deliberate indifference by [the] [d]efendants"); *Williams v. Bailey*, No. 9:09-CV-0643, 2010 WL 3881024, at *8 (N.D.N.Y.

14

Sept. 3, 2010) (finding that physician's decision to medically clear the plaintiff for "mess hall duty" even though "other prison officials, both at [the same facility as the physician] and elsewhere, at various times have agreed that plaintiff could not meet the demands of mess hall duty" did not, by itself, "constitute and establish the existence of a medical indifference claim"), *report and recommendation adopted by* 2010 WL 3843723 (N.D.N.Y. Sept. 28, 2010); *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a [§] 1983 claim. These issues implicate medical judgments and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment."); *Espinal v. Coughlin*, No. 98-CV-2579, 1999 WL 387435, at *5 (S.D.N.Y. June 14, 1999) (finding, where plaintiff failed to allege that "he was unable to work in the mess hall or that he suffered direct injury as a result of Dr. Chakavorty's clearance[,]" that the plaintiff's "allegation that Chakavorty cleared plaintiff for work in the mess hall despite his complaints of chronic pain does not amount to an Eighth Amendment violation").

Accordingly, plaintiff's Eighth Amendment claim against defendant Jane Doe #2 is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

In light of the foregoing, plaintiff's amended complaint is subject to dismissal in its entirety. Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has

already been afforded the opportunity to amend. *Abascal v. Hilton*, No. 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 13, 2008) (Kahn, J., adopting, on *de novo* review, Report-Recommendation by Lowe, M.J.) ("Of course, granting a pro se plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading."), *aff'd*, 357 Fed. App'x 388 (2d Cir. 2009); *accord, Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n. 25 (N.D.N.Y. Mar. 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.), *Smith v. Fischer*, No. 07-CV-1264, 2009 WL 632890, at *5 & n. 20 (N.D.N.Y. Mar. 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.).[5]

Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo*

---

[5] *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that denial of leave to amend was not an abuse of discretion where movant has repeatedly failed to cure deficiencies in pleading); *Coleman v. brokersXpress, LLC*, 375 Fed. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Dyson v. N.Y. Health Care, Inc.*, 353 Fed. App'x 502, 503-03 (2d Cir. 2009) ("[T]he district court did not abuse its discretion by dismissing Dyson's third amended complaint with prejudice.... [T]he district court afforded Dyson three opportunities to file an amended complaint so as to comply with Rule 8(a)(2), and, despite these, she did not plead any facts sufficient to show that she was plausibly entitled to any relief."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of pro se plaintiff's amended complaint without leave to amend, for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile); *Yang v. New York City Trans. Auth.*, No. 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) ("Yang's amended complaint fails to remedy this defect in his pleadings. . . . His equal protection claim is dismissed."), *aff'd*, 71 Fed. App'x 90 (2d Cir. 2003); *Payne v. Malemathew*, No. 09-CV-1634, 2011 WL 3043920, at *6 (S.D.N.Y. July 22, 2011) ("Plaintiff has repeatedly failed to cure the defects in his claims despite having received detailed instructions and despite the bases of the dismissals having been specified in advance, and he has not identified any additional facts he could advance now that would address these defects. Accordingly, nothwithstanding Plaintiff's pro se status, leave to amend yet again is denied."); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) ("While that failure to plead special damages with respect to the other alleged representations in theory might be cured by amendment, plaintiff already has amended once and has not sought leave to amend again. Accordingly, the fraud claims will be dismissed except to the limited extend [sic] indicated.").

*v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citations omitted), *accord, Brown v. Peters*, No. 6:95-CV-1641 (RSP/DS), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman*, 371 U.S. at 182 (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").[6] This rule applies even to pro se plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355, at *1.

Here, the Court finds that the defects in plaintiff's medical indifference claims are substantive rather than merely formal, such that any amendment would be futile.[7]

---

[6] The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez*, 171 F.3d at 796; *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Gomez*, 171 F.3d at 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate recitation of the governing law.

[7] By plaintiff's own allegations, he was examined by defendant Jane Doe #1 within half an hour of the incident that resulted in his injured hand, and again less than eight hours later, during which time plaintiff received ibuprofen, ice, and a bandage. Am. Compl. at 4-5. Two days after the incident, plaintiff received an x-ray and a soft cast for a broken bone in his left hand, *id.* at 5, which is not a serious or life-threatening injury. Under these circumstances, there are no new allegations plaintiff could assert that would be sufficient to state an Eighth Amendment medical indifference claim against any of the named defendants.

Accordingly, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall update the docket to add the following parties as defendants: (1) Corrections Sergeant John Doe #1; (2) Corrections Officer John Doe #2; (3) Corrections Officer John Doe #3; (4) Nurse Jane Doe #1; and (5) Medical Provider Jane Doe #2; and it is further

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to terminate all of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:   March 8, 2019
         Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge